IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI LYNN CLEGHORN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. ED CV 15-295 MRW<br><br>ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE |

**I.    SUMMARY OF RULING**

    Plaintiff Cleghorn challenges the denial of her application for Social Security benefits. The administrative law judge found that Plaintiff was capable of working and denied benefits.

    The Court concludes that the ALJ failed to identify a specific and legitimate reason supported by substantial evidence to reject the physical function assessment of an examining orthopedic surgeon. As a result, the Court

vacates the ALJ's decision and remands the matter to the agency for further proceedings.

## II. PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW

Plaintiff applied for benefits based on various physical conditions. Following an administrative hearing, the ALJ found that several of Plaintiff's conditions (including her neck and shoulder problems) constituted "severe impairments" as that term is used under federal regulations. (AR 34.)

The ALJ determined that Plaintiff had the residual functional capacity (RFC) to perform light work with certain additional physical limitations. (AR 36.) In reaching this finding, the ALJ rejected opinions from Plaintiff's treating physician and a specialist who examined her. The ALJ also found that Plaintiff was "not entirely credible" in describing her symptoms and limitations. (AR 37.)

A vocational expert testified at the administrative hearing that an individual with Plaintiff's RFC could perform several jobs in the local and national economies. (AR 85-86.) From this, the ALJ concluded that Plaintiff was not disabled and denied benefits. (AR 45-46.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the agency's decision to deny benefits. An ALJ's findings and decision must be upheld if they are supported by substantial evidence and are free of legal error. Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). Substantial evidence is proof in an amount or of a nature that "a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005)

The Ninth Circuit "demand[s] that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review. A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."

Brown-Hunter v. Colvin, ___ F.3d ___, 2015 WL 6684997 at *4 (9th Cir. Nov. 3, 2015) (amending previous decision); Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009) ("meaningful review of an administrative decision requires access to the facts and reasons supporting that decision").

## IV. DISCUSSION

### A. Rejection of Examining Physician's Opinion

#### 1. Facts and ALJ Decision

Plaintiff had an extensive history of neck, back, shoulder, and elbow/wrist problems. In connection with her disability benefits application, a Board-certified orthopedic surgeon (Dr. Styner) examined Plaintiff. (AR 641-59.) Dr. Styner conducted an extensive physical evaluation of Plaintiff, and reviewed a lengthy set of medical treatment records. Dr. Styner diagnosed Plaintiff with degenerative disc disease in her neck, inflammation in her shoulders, and other conditions. (AR 654.)

In addition to a lengthy written report, Dr. Styner completed a questionnaire in which he recommended fairly stringent work-related restrictions for Plaintiff. (AR 660-66.) The report and questionnaire recommended that Plaintiff be limited to jobs in which she: lifted little or no weight; had limited periods of time walking or standing; and had other movement-related restrictions for her neck. (AR 659.) Dr. Styner also believed that Plaintiff would likely miss more than three workdays a month. (AR 665.)

The ALJ gave "little weight" to Dr. Styner's[1] opinions. (AR 43.) The ALJ initially noted that the consultant saw Plaintiff "only once in the preparation to [for?] the court date." The ALJ pointed out that Dr. Styner's opinions were

---

[1] The written decision incorrectly refers to Dr. Styner as "Dr. Snyder." (AR 43.) The ALJ spelled the physician's name correctly elsewhere in the decision, and clearly reviewed the consultant's report in its entirety. (AR 41.)

"inconsistent with the essentially normal findings of the physical and neurological exams." (Id.) As the only example, the ALJ concluded that Plaintiff "demonstrated essentially normal range of motion in arms, wrists, and fingers." Further, the ALJ stated that the orthopedist's opinions were inconsistent with other, undefined medical evidence and the opinion of a non-examining consultant whom the agency hired. (Id.)

That was a reference to Dr. Lorber, a physician who reviewed Plaintiff's medical records and testified as a non-examining expert at the hearing. (AR 36.) Dr. Lorber concluded that Plaintiff required considerably fewer RFC restrictions, including no limitation in her ability to turn her head or neck. (AR 67-68.) The ALJ expressly gave Dr. Lorber's opinion "significant weight," although the ALJ did not incorporate all of this physician's recommendations into the final RFC. (AR 36.)

### 2. Relevant Law

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." Robbins v. Social Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (quotations omitted). If the ALJ rejects significant probative evidence, the ALJ must explain why. Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984). The ALJ satisfies this burden by detailing and summarizing the facts and conflicting medical evidence and stating the ALJ's interpretations and findings. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

An ALJ generally gives the most weight to medical evidence from a claimant's treating physician, and progressively less weight to the opinions of examining and nonexamining physicians. An ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on "clear and convincing reasons" supported by substantial evidence. Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1222 (9th Cir. 2010). When a treating or examining physician's opinion is contradicted by another medical evaluation, the ALJ

"must provide specific and legitimate reasons supported by substantial evidence" for rejecting that opinion. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (quotation omitted).

The question as to "whether the 'clear and convincing' or 'specific and legitimate' standard applies" is a preliminary determination for a reviewing court to make. Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006). Even when contradicted, "a treating or examining physician's opinion is still owed deference and will often be entitled to the greatest weight" in disability proceedings. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014).

Further, it is error when an ALJ "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison, 759 F.3d at 1012-13. A consulting examiner's opinion is "entitled to no less weight when the examination is procured by the claimant than when it is obtained by" the agency itself. Lester, 81 F.3d at 832. In the absence of "other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it." Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998); Case v. Astrue, 425 F. App'x 565, 566 (9th Cir. 2011) ("The ALJ erred by discounting the treating physician's RFC because it was completed 'for obvious litigious purposes.'").

### 3. **Analysis**

The ALJ rejected the recommendations of an examining physician (Dr. Styner) regarding Plaintiff's physical capabilities and work-related limitations. A non-examining physician (Dr. Lorber) offered a contradictory opinion based on his review of the medical evidence. The ALJ was required to identify a specific and legitimate reason supported by substantial evidence to reject the opinions of the examining specialist. Widmark, 454 F.3d at 1066.

1       But the Court finds the ALJ failed to do so. The first (and presumably
2  main) reason that the ALJ gave for rejecting Dr. Styner's opinions was because
3  the physician examined Plaintiff one time. In that way, evaluation of this Board-
4  certified orthopedic surgeon was identical to <u>any</u> consulting evaluation ordered
5  by the agency in advance of an administrative hearing. The ALJ failed to
6  explain why this circumstance was relevant to evaluating Plaintiff's conditions –
7  particularly in light of the ALJ's decision to credit a physician who <u>never</u>
8  examined Plaintiff over that of an examining doctor. Ample Ninth Circuit
9  authority makes clear that, without more, an ALJ may not properly reject such a
10 consulting examiner's opinion merely because a claimant obtained it in the
11 course of litigation. <u>Lester</u>, 81 F.3d at 832; <u>Reddick</u>, 157 F.3d at 726; <u>Case</u>, 425
12 F. App'x at 566.

13      The ALJ's remaining reasons for rejecting Dr. Styner's opinion were
14 neither specific nor legitimate enough to withstand appellate review. The ALJ
15 seized on Dr. Styner's candid observations that Plaintiff had "essentially normal"
16 range of motion in her arms, wrists, and fingers. (AR 43.) OK, but the crux of
17 the orthopedist's findings was that Plaintiff's <u>neck</u> was significantly impaired.
18 The medical exam report disclosed audible "cracking and crunching" when
19 Plaintiff moved her neck, tenderness, and considerably reduced range of motion.
20 (AR 643-51.) Also, Plaintiff's neck condition was the lead diagnosis in the
21 orthopedist's evaluation. (AR 654.)

22      The ALJ failed to satisfactorily explain how Plaintiff's normal use of her
23 fingers (or toes, or sense of smell, etc.) provided a legitimate reason to reject the
24 consultant's evaluation of a far more serious neck condition. Indeed, the ALJ's
25 focus on tangentially-related evidence strongly suggests that the examining
26 physician's opinion was not given the deference that it was owed. <u>Garrison</u>, 759
27 F.3d at 1012. Finally, the broad and empty statement that the Styner opinion was
28 inconsistent with other, undefined medical evidence or the contrary conclusion

of the paper-reviewing consultant was not sufficiently detailed to adequately explain the agency's reasoning on appeal here. Tommasetti, 533 F.3d at 1041; Bray, 554 F.3d at 1226.

The ALJ's error requires remand of the matter. Error in a social security determination is subject to harmless error analysis. Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012). In the present case, the ALJ rejected proposed limitations that, if included in Plaintiff's RFC, likely could have led to a different result in the proceeding. The Court therefore remands the case on "an open record" for further administrative proceedings. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014).

On remand, the parties may freely take up the somewhat closer question of whether the ALJ properly evaluated and rejected the similar opinions of Plaintiff's primary-care treating physician. Additionally, the Court expresses no opinion as to whether the ALJ properly found Plaintiff not to be a believable witness; either party may address this issue in the remanded, open proceeding.

## V. CONCLUSION

The ALJ's decision is VACATED for the reasons stated above. The Court REMANDS the case to the agency for further proceedings.

Date: December 8, 2015

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE